# 97 DTA 188

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ

NELLY CARBO CRESPO Y JORGE A. GIGANTE GONZALEZ
Peticionaria la primera

EX PARTE

Núm. KLCE-97-00522

San Juan, Puerto Rico, a 5 de septiembre de 1997

Panel integrado por su Presidente, el Juez Rossy García
y los Jueces Martínez Torres y Rodríguez García

Martínez Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La recurrente, Nelly Carbó Crespo (en adelante *"Carbó Crespo"*), nos solicita que revisemos la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Mayaguez, la cual dispone que la pensión alimentaria impuesta al Sr. Jorge Arturo Gigante González (en adelante *"Gigante González"*) para beneficio de sus hijos menores de edad, sería efectiva desde el 13 de marzo de 1996, y no desde el 4 de mayo de 1994, fecha en la cual Carbó Crespo radicó la petición de alimentos ante el tribunal. Esta situación está gobernada por la Ley Especial para el Sustento de Menores, 8 L.P.R.A. sec. 501 y siguientes, y por el Artículo 147 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 566.

Estas disposiciones aclaran cuándo serán efectivas las pensiones alimentarias. En virtud de estos principios, se revoca la resolución recurrida y se hace la pensión retroactiva a la fecha de la radicación de la solicitud de pensión alimentaria.

## I

La Sra. Carbó Crespo y el Sr. Gigante González contrajeron matrimonio el 8 de junio de 1979, en Mayaguez, Puerto Rico. Durante su matrimonio procrearon dos hijos de nombre Nayda y Jorge Augusto, ambos de apellido Gigante Carbó. Mediante resolución de 22 de febrero de 1989, el Tribunal Superior, Sala de Mayaguez, declaró roto y disuelto el matrimonio de las partes, por la causal de mutuo consentimiento. En la misma resolución, el tribunal fijó las relaciones paterno-filiales. Le otorgó al padre de los menores permiso para que los recogiera los viernes a las cinco de la tarde (5:00 p.m.) y los devolviera los domingos a las doce (12:00) del mediodía.

El 9 de febrero de 1994, Carbó Crespo, por conducto de su representación legal, envió una carta a Gigante González extendiéndole una invitación para dialogar sobre un aumento en la aportación hecha para la manutención de los hijos, debido a la ausencia de pensión alimentaria fijada por el tribunal. Gigante González contestó la carta a través de su abogado y pidió que le fueran detallados los aspectos que motivaban la petición de aumento en la aportación para la manutención de los hijos.

Así las cosas, el 28 de marzo la representación legal del Sr. Gigante González radicó un escrito titulado Moción de Desacato por Incumplimiento de Relaciones Paterno-filiales, en el cual se pedía al tribunal que citara a la Sra. Carbó Crespo a comparecer ante el tribunal a mostrar causa por la cual no debía ser considerada incursa en desacato civil al interferir con las relaciones de los menores con su padre.

El 4 de mayo de 1994, la Sra. Carbó Crespo presentó un escrito titulado Réplica a Moción de Desacato por Incumplimiento de Relaciones Paterno-filiales, Solicitud de Pensión Alimenticia y Honorarios de Abogado, donde negó haber interferido en las relaciones de los menores con su padre, aunque recalcó que las relaciones deben llevarse a cabo de tal manera que garanticen el bienestar de los menores. Además, Carbó Crespo aseveró que no existía en aquel momento una pensión alimentaria asignada para los menores y que sus hijos necesitaban la cantidad de cuatrocientos dólares ($400) mensuales por tal concepto. Añadió que los honorarios de abogados en el trámite ascendieron a quinientos dólares ($500), cuyo pago también solicitó.

El 18 de mayo de 1994, Gigante González radicó un escrito titulado Contestación a Réplica, en el cual alegó que las relaciones se deterioraron por culpa de la Sra. Carbó Crespo, que existía una pensión alimentaria de facto ya que el Sr. Gigante González pagaba las mensualidades por educación

escolar, y que la capacidad económica del Sr. Gigante González le permitía pagar doscientos veinte dólares ($220), oferta que la Sra. Carbó Crespo rechazó.

A partir de ese incidente procesal, comenzó un período de descubrimiento de prueba para los efectos de establecer una pensión alimentaria y luego fijar una fecha de sometimiento de las planillas de información personal y económica.

El 13 de octubre de 1994, Gigante González solicitó un remedio ante la inacción de la promovente Carbó Crespo respecto al descubrimiento de prueba. A esos efectos, el tribunal emitió una orden a la promovente para que mostrara causa por la cual no debía ser encontrada incursa en desacato por desobedecer una orden del tribunal para contestar unos interrogatorios.

El tribunal citó a las partes a una vista ante el examinador de pensiones alimentarias. En ella, el Sr. Gigante González debería mostrar causa por la cual no debía dictarse una resolución según lo solicitado por la promovente en relación con la obligación de prestar alimentos a favor de los menores. A esa vista, efectuada el 30 de enero de 1995, no asistió la promovente Carbó Crespo.

No fue hasta el 30 de noviembre de 1995 que Carbó Crespo compareció por escrito a exponer las razones por las cuales había estado tanto tiempo sin radicar ningún tipo de escrito legal en el caso. Alegó que no fue notificada. Además, Carbó Crespo señaló que había aceptado una pensión de $260 mensuales, pero faltaba sumarle a esa cantidad la aportación para gastos escolares de los menores, que haría Gigante González.

Ante esa moción, el tribunal dejó sin efecto lo actuado ante la oficial examinadora y convocó a las partes a una nueva vista, que se llevó a cabo el 17 de enero de 1996. El 19 de abril de 1996, la Examinadora de Pensiones rindió un informe que contenía las estipulaciones de pensión alimentaria entre las partes y donde se dejó a la consideración del tribunal lo concerniente a la retroactividad de la pensión.

Las partes argumentaron el punto, y el tribunal, luego de considerar los escritos radicados, concluyó que como cuestión de justicia sustancial, la pensión no debía ser retroactiva. La declaró efectiva al 13 de marzo de 1996. Así lo consignó en su resolución de 31 de diciembre de 1996.

La promovente Carbó Crespo radicó una Moción de Reconsideración el 21 de enero de 1997, a la cual se opuso el promovido Gigante González. Al día siguiente, el tribunal acogió la moción de reconsideración y tras evaluar los escritos de las partes, la declaró sin lugar el día 29 de abril de 1997.

La Sra. Carbó Crespo acudió ante nos el 27 de mayo de 1997, mediante *certiorari* para que se revoque la retroactividad de la pensión alimenticia. El 20 de junio de 1997, le ordenamos a Gigante-González que mostrara causa por la que no debamos hacer retroactiva la pensión a la fecha de radicación de la solicitud para fijarla. Gigante González ha comparecido en cumplimiento de nuestra Resolución, por lo que resolvemos sin necesidad de más trámite.

## II
Las pensiones alimentarias se consideran obligaciones de tracto sucesivo. Esta obligación, según el Artículo 2(13) de la Ley Especial para el Sustento de Menores, según enmendada, *supra.*, sec. 501 (13), queda establecida mediante la determinación, orden, mandamiento o sentencia por medio de la cual se fija el pago de una obligación alimentaria emitida de acuerdo a los reglamentos y las Guías Mandatorias para Fijar y Modificar Pensiones Alimenticias en Puerto Rico.

La prestación a realizarse será ofrecida por el alimentante, y según el Artículo 148 del Código Civil de Puerto Rico, *supra*, sec. 567, *"el obligado a prestar alimentos podrá, a su elección, satisfacerlos, o pagando la pensión que se fije, o recibiendo y manteniendo en su propia casa al que tiene derecho a ellos"*.

La prestación impuesta como pensión alimentaria contendrá, según el Artículo 142 del Código Civil, *id.*, sec. 561, *"todo lo indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia"*. También se incluyen en la pensión las aportaciones hechas

para la educación e instrucción del alimentista cuando éste es menor de edad. *Negrón Rivera y Bonilla, Ex parte,* 120 D.P.R. 61, 72 (1987).

El Tribunal Supremo de Puerto Rico ha reiterado en un sinnúmero de ocasiones que los asuntos concernientes a alimentos de menores están revestidos del más alto interés público. El objetivo no puede ser otro que el bienestar del menor. La obligación de un padre para alimentar a sus hijos no debe verse como una que existe por imposición de ley, sino como el resultado de la relación de generación, es decir, el vínculo natural existente entre el padre alimentante y el hijo alimentista. Nuestro más alto Tribunal, en el caso *Guadalupe Viera v. Morell,* 115 D.P.R. 4, 13 (1983), citó a Beltrán de Heredia para señalar que *"[e]ste deber de alimentación, ínsito a la patria potestad, no depende de un estado de necesidad del hijo, pues éste incluso podría tener bienes suficientes para su sostenimiento y aún tener derecho a ser alimentado por sus padres con patria potestad, sino que se basa en el hecho mismo de la generación".* Véase Beltrán de Heredia, *La obligación legal de alimentos entre parientes,* Salamanca, Eds. Anaya, 1958, T. III, Núm. 3, págs. 16-17.

En una opinión emitida recientemente, el Tribunal Supremo dijo *"que lo decisivo en cuanto al pago de alimentos es la fecha en que los mismos se reclamen". Pueblo v. Zayas Colón,* Opinión de 9 de octubre de 1995, **95 J.T.S. 127**, pág. 103. En el caso ante nuestra consideración lo decisivo, pues, es la fecha en que se radicó la petición de alimentos por parte de la madre los menores—Carbó Crespo—el día 4 de mayo de 1994.

Esta obligación de suministrar alimentos, de acuerdo a lo dictado por la Ley Especial para el Sustento de Menores será efectiva *"desde la fecha en que se radicó la petición de alimentos o se emitió la orden por el Administrador",* 8 L.P.R.A. sección 518. Véase además *Pueblo v. Colón Zayas,* **95 J.T.S. 127**, (1995). El Código Civil de Puerto Rico, en su Artículo 147, *supra,* sec. 566, contiene también una disposición al respecto que dicta que la obligación alimentaria *"será exigible desde que los necesitare para subsistir la persona que tuviere derecho a percibirlos; pero se abonarán desde la fecha en que se interponga la demanda".* Véase además *Rodríguez Avilés v. Rodríguez Beruff,* 177 D.P.R. 616, 622 (1986).

El Sr. Gigante González señala que la decisión del tribunal *a quo* es justa, ante la inacción prolongada de la Sra. Carbó Crespo en este caso. De hecho, el Tribunal de Primera Instancia hizo también la misma observación en su dictamen. No obstante, no importa cuán injustificada fuera la inacción de la parte promovente del procedimiento, es importante que se entienda que la finalidad perseguida con la imposición de una pensión alimentaria es el bienestar del alimentista. Lo verdaderamente justo es reconocer que los hijos de las partes tienen que comer y satisfacer sus necesidades, no importa cuántas desavenencias tengan sus progenitores.

Nuestro sistema de derecho nos provee para solucionar distintas controversias, todo ello para garantizar la convivencia en sociedad. Cuando hablamos de justicia nos referimos al concepto de dar a cada cual lo que le corresponde según el derecho. No podemos privar a nadie—y mucho menos a dos menores indefensos—de los remedios que el ordenamiento jurídico les provee. Nuestra responsabilidad estriba en que se cumplan los preceptos contenidos en las leyes y que se interpreten de la forma correcta. Por tanto, es nuestro deber interpretar la Ley Especial para el Sustento de Menores a favor de los mejores intereses de los menores, quienes a fin de cuentas, son los que necesitan los alimentos. No nos corresponde alterar lo ya legislado, en perjuicio de los derechos de los menores hijos de las partes en este caso.

No cabe duda, según la ley aplicable, que independientemente de las dilaciones en el procedimiento para reclamar los alimentos de los menores, la prestación a realizarse debe satisfacer el período de tiempo desde que se realizó la reclamación judicial, en este caso el 4 de mayo de 1994. Por mandato de ley, la pensión impuesta a Gigante González tiene carácter retroactivo a esa fecha.

## III
Por los fundamentos expuestos, se expide el auto de *certiorari* y se revoca la resolución del Tribunal de Primera Instancia, Sala Superior de Mayaguez, emitida el 31 de diciembre de 1996. La pensión alimenticia fijada por resolución de 24 de abril de 1996 será retroactiva al 4 de mayo de 1994.

Así lo pronunció y ordena el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General